947 F.2d 953
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Raymond Lloyd BATES, Petitioner-Appellant,
v.
Mark GUNTER; Mark McKinna; Gale A. Norton, Attorney
General for the State of Colorado, Respondents-Appellees.
 No. 91-1184.
 United States Court of Appeals, Tenth Circuit.
 Oct. 30, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Bates appeals pro se the dismissal of his petition for habeas corpus relief.
 
 
 3
 Mr. Bates entered guilty pleas to three counts of first-degree arson pursuant to a plea bargain and was sentenced in state court. Mr. Bates apparently then asked for permission to withdraw his plea. The basis for this motion to withdraw was the guilty plea "was due to duress.... The sole evidence was 3rd party evidence and was involuntary, unintelligent." The trial court denied Defendant's motion. The complaint states this action was appealed.
 
 
 4
 Mr. Bates then filed his pro se petition for habeas relief with the United States District Court. In this complaint Mr. Bates asserts he filed a grievance against his defense counsel which is being investigated. Mr. Bates also apparently asserts he was unfairly denied a change of venue necessary because of media prejudice. He alleges defects in his guilty plea and asserts he did attempt to raise these issues in state court, but concluded it was useless to continue as his requests would be denied.
 
 
 5
 The district court dismissed the habeas corpus petition holding that Mr. Bate's claims relating to his counsel and media coverage had not been presented to the state courts. In short, the district court concluded Mr. Bates failed to show his petition contained only exhausted claims. See Rose v. Lundy, 455 U.S. 509 (1982).
 
 
 6
 In his pro se appeal to this court, Mr. Bates argues: (1) his guilty pleas in state court were involuntarily entered; (2) he has a right to a jury trial; (3) his sentence was unlawful; and (4) "whether the Colo. Supreme ruled or not is immaterial.
 
 
 7
 It is clear Mr. Bates misperceives applicable law. When a person desires to attack the constitutional validity of his state conviction in federal court, he must first present all his issues to a state court. The fact that Mr. Bates may feel it useless based upon his assumption the state courts will rule against him is not sufficient reason to excuse him from first raising his contentions in state court.
 
 
 8
 The judgment of the district court is AFFIRMED and the mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3